UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID LANGENDERFER,<br>Plaintiff,<br>v.<br>DAVE TURNER, et al.,<br>Defendants. | Case No. 15-cv-05500-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Thomas Langenderfer filed this federal civil rights complaint filed under 42 U.S.C. § 1983. His complaint is incomprehensible. The Court cannot discern his legal theories or what relief he seeks. Accordingly, after a review under 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before May 9, 2016.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1  upon which relief may be granted or seek monetary relief from a defendant who is immune
2  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
3  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4        A "complaint must contain sufficient factual matter, accepted as true, to 'state a
5  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
6  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
7  plausibility when the plaintiff pleads factual content that allows the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
9  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
10  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
11  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
12  (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
13  essential elements:  (1) that a right secured by the Constitution or laws of the United States
14  was violated, and (2) that the alleged violation was committed by a person acting under the
15  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

17        Plaintiff's complaint is handwritten and largely illegible.  (Dkt. No. 1.)  The many
18  exhibits and letters he filed subsequently do not clear up matters.  (Dkt. Nos. 5-11.)  I can
19  read phrases that refer to Indian treaties, the Mendocino Indian Reserve, federal land
20  management, various government agencies and private corporations, land tax, medical
21  marijuana, and Langenderfer's incarceration.  But I cannot decipher his allegations well
22  enough to discern his legal theories or the relief he seeks.

23        Also, it is not clear who the defendants are.  In the caption, he lists "2.44 2.44 City
24  Government Fort Bragg – Public ZA, Public California."  On the second page of the
25  complaint, however, he does not list those entities, but instead names Dave Turner, the
26  mayor of Fort Bragg, and Edmund Brown, the governor of California, as defendants.  He
27  also does not state with any clarity how any of these actors violated his constitutional
28  rights.

If Langenderfer seeks relief from the fact or duration of his confinement, he should file a petition for writ of habeas corpus, not a suit under section 1983.

**Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before May 9, 2016.**  The new complaint must include the caption and civil case number used in this order (15-5500 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Langenderfer must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice.

It is Langenderfer's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Because there are several defendants, the Clerk shall amend the caption of the case to read "Thomas David Langenderfer v. Dave Turner, et al."

**IT IS SO ORDERED.**

**Dated:**  March 30, 2016



WILLIAM H. ORRICK
United States District Judge